IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01307 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BOARD OF JUDICIAL CONDUCT TN, *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Spring Hill, Tennessee, filed this pro se action[1] against the "Board of Judicial Conduct TN", Tennessee Speaker of the House of Representatives Cameron Sexton, and Tennessee Governor Bill Lee. (Doc. No. 1).

## I. FILING FEE

Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). (Doc. No. 2). The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a

---

[1] Plaintiff originally filed this action in the Northern District of Alabama. (Doc. No. 1). By Order entered on October 16, 2024, the Honorable Judge Liles C. Burke transferred the action to this court. (Doc. No. 3).

1

privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id*.

Plaintiff's IFP Motion and accompanying statement[2] reflect that he is unable to bear the costs of paying the filing fee in this case without undue hardship. Plaintiff states that his monthly expenses total "$2850ish", he currently has "less than $1" in Cash App, he has spent approximately $125,000 in litigation costs, and he has not been paid in full yet for the temporary part-time work he is performing at this time and may not be paid. (Doc. No. 2). Plaintiff further states that his "fuel, expenses at a minimum, and living costs are more than what [he has] received in payments while temporarily out of town for work." (*Id*. at PageID# 40). Therefore, Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED**.

## II. SCREENING OF IN FORMA PAUPERIS COMPLAINT

A. <u>Screening Standard</u>

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked

---

[2] Plaintiff titled this document "Affidavit", but the document does not bear a notary stamp. (*See* Doc. No. 2 at 6). Therein, Plaintiff provides additional details about his financial situation. The Court construes the "Affidavit" as a statement in support of Plaintiff's IFP Motion.

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B. <u>Alleged Facts</u>

The complaint references state court proceedings involving Plaintiff and Lewana Castillo Webb, his ex-wife, including a criminal case, an order-of-protection case, and a divorce case.[3]

---

[3] Since 2022, Webb has filed over thirty cases in this court, all proceeding IFP, with the exception of one fee-paid case where noted. The cases all are related in some way to the same state court proceedings. The following list does not include three petitions for habeas corpus relief filed by Webb. The cases are: *Webb v. Worley, et al.*, 2:22-cv-00026 (dismissed; not eligible to proceed IFP); *Webb v. Webb, et al.*, 2:22-cv-00054 (dismissed without prejudice for failure to comply with court order); *Webb v. Webb, et al.*, 2:23-cv-00009 (dismissed for failure to state a claim); *Webb v. Board of Judicial Conduct, et al.*, 2:23-cv-00010 (dismissed without prejudice for lack of standing and for failure to state a claim); *Webb v. Webb*, 2:23-cv-00012 (dismissed without prejudice for failure to state a claim); *Webb v. Fickling, et al.*, 2:23-cv-00013 (dismissed for failure to state a claim) *Webb v. McKenzie, et al.*, 2:23-cv-00014 (voluntarily dismissed); *Webb v. Dunaway et al.*, 2:23-cv-00017 (dismissed without prejudice as frivolous and duplicative); *Webb v. Mayberry*, 2:23-cv-00025 (dismissed without prejudice for failure to state a claim); *Webb v. Tracking System*, 2:23-cv-00029 (dismissed for failure to state a claim); *Webb v. Webb et al.*, 2:23-cv-00032 (dismissed without prejudice for failure to prosecute and failure to pay the filing fee); *Webb v. Powers, et al.*, 2:23-cv-00065 (fee paid; pending); *Webb v. First Realty et al.*, 2:24-cv-00034 (dismissed for failing to comply with court order and for want of prosecution); *Webb v. Republican Party of Cumberland County TN*, 2:24-cv-00039 (dismissed with prejudice as barred by statute of limitations); *Webb v. TBI Agent*, 2:24-cv-00056, (dismissed with prejudice for failure to state a claim); *Webb v. 13th District DA's Office*, 2:24-cv-00068 (dismissed with prejudice for failure to state a claim); *Webb v. Gardner Mayberry, et al.*, 2:25-cv-00034 (dismissed for failure to state a claim); *Webb v. Middle Tennessee Mental Health Institute*, 3:24-cv-00706 (pending); *Webb v. Webb*, 3:24-cv-00819 (petition for writ of mandamus dismissed without prejudice for lack of subject matter jurisdiction); *Webb v. Weist, et al.*, 3:24-cv-00956 (pending); *Webb v. Hill, et al.*, 3:25-cv-00019 (dismissed for failure to state claims); *Webb v. DHS Dayton, TN, et al.*, 3:25-cv-00021 (dismissed for failure to state a claim); *Webb v. Verizon Wireless Crossville, TN*, 3:25-cv-00022 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); *Webb v. Sexton, et al.*, 3:25-cv-00394 (transferred from S.D. Ill. and pending); *Webb v. ADA Bateman*, 2:24-cv-00070 (dismissed with prejudice for lack of subject matter jurisdiction based on sovereign immunity); *Webb v. Ridley*, 2:25-cv-00007, (dismissed with prejudice); *Webb v. City of Crossville, TN, et al.*, 2:25-cv-00018 (voluntarily dismissed); *Webb v. Fickling*, 2:25-cv-00059 (voluntarily dismissed); *Webb v. Webb*,

3

The complaint alleges, among other things, that Plaintiff was "tracked" and "subject to audio at no end"; that he is the victim of a "'coverup' or conspiracy to erase late 2021 and early 2022" through a "game" created by the Federal Bureau of Investigation Office in Springfield, Illinois; that the Tennessee State government has used "thefts, intimidation, harassment, vandalism . . . to push him into violence and/or sexual predatory behavior"; and that "through the Color State Law, in their individual and official capacities, the Board of Judicial Conduct, Cameron Sexton, and Governor Bill Lee violated [his] rights to privacy, allowed [his] son to be kidnapped, allowed mortgage fraud(s), and conspiracies against him." (Doc. No. 1 at 1-7).

III. Screening of the Complaint

The Court finds that Plaintiff's complaint cannot survive screening under Section 1915(e)(2) for two reasons. First, Plaintiff's claims against the Board of Judicial Conduct are barred by res judicata. Second, Plaintiff's claims against Cameron Sexton and Bill Lee fail to state claims upon which relief can be granted under Section 1983.

The Court will begin with Plaintiff's claims against the Board of Judicial Conduct. The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984); *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Rawe,* 462 F.3d at 528 n.5. "Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the

---

2:25-cv-00061 (dismissed with prejudice for failure to state a claim and alternatively as untimely filed); *Webb v. TN Unemployment, et al.*, 3:25-cv-00020 (dismissed for failure to state claims); *Webb v. Sandy Garrett*, 3:24-cv-1150 (R&R adopted and case dismissed); *Webb v. Casey Cox*, 2:25-cv-84 (pending).

outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Rawe*, 462 F.3d at 528 n.5; *see Notredan, LLC v. Old Republic Exhange Facilitator Co.*, 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) ("Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit.")). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

On March 20, 2023, Plaintiff filed an action in this Court against the Board of Judicial Conduct and the Board of Professional Responsibility, raising much of the same factual allegations as those he raises in the instant case. *See Gregory Ryan Webb v. Board of Judicial Conduct, et al.*, Case No. 2:23-cv-00010 (M.D. Tenn.) (Crenshaw, J.). In that case, Plaintiff alleged that, during his state-court proceedings, Cumberland County judges and attorneys, among others, conspired to deprive Plaintiff of fair legal proceedings, liberty, and parental rights. He alleged that he brought this wrongdoing to the Board of Judicial Conduct and the Board of Professional Responsibility, and those organizations ignored his pleas for help. Plaintiff filed that lawsuit under 42 U.S.C. § 1983, alleging civil rights violations. (*Id.*, Doc. No. 1).

The Court dismissed the action without prejudice. (*Id.*, Doc. No. 25 at 7). First, the Court found that Plaintiff lacked standing to bring the case. Second, the Court found that, even if Plaintiff had standing, he would fail to state a claim under Section 1983 because a private individual like Plaintiff does not have a federal right to compel an investigation of judges or attorneys through Board of Judicial Conduct or Board of Professional Responsibility proceedings. (*Id.*, Doc. No. 25 at 6-7).

Plaintiff's instant claims against the Board of Judicial Conduct could have been brought in Plaintiff's prior action. All facts upon which Plaintiff's claims rest were known to him when he filed the prior action. Plaintiff should not be permitted to split his cause of action into multiple separate federal lawsuits. *See Notredan*, 875 F. Supp.2d 780, 787. The Court therefore finds that all claims that arose or could have arisen in Plaintiff's prior action are barred by claim preclusion and should be dismissed.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. *See* Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2011) (citing Arizona for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in Arizona is when "a court is on notice that it has previously decided the issue presented." *Id*. at 412 (citations and internal quotation marks omitted). The Court is on notice of Plaintiff's many prior actions and finds that applying the doctrine of res judicata sua sponte is appropriate under these circumstances. Plaintiff should not be rewarded for continuing to relitigate the same issues over and over in this Court, especially while receiving the benefit of

proceeding each time without having to pay the filing fee. The Court has fairly considered his claims and rendered decisions. If Plaintiff disagrees with those decisions, he may avail himself of the opportunity to appeal.

The Court now moves to Plaintiff's Section 1983 claims against Speaker of the House Cameron Sexton and Governor Bill Lee. Plaintiff's allegations against these Defendants are conclusory. He only mentions these Defendants once in the narrative of his complaint, and he does not explain what actions either Defendant took that "violated [Plaintiff's] rights to privacy, allowed [his] son to be kidnapped, allowed mortgage fraud(s) and conspiracies against [Plaintiff] . . . ." (Doc. No. 1 at 7). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722,

at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff does not allege the personal involvement of Defendants Sexton or Lee in the events set forth in the complaint, Plaintiff has not established a basis for imposing individual liability on these Defendants.

Moreover, the events about which Plaintiff complain occurred outside of the governing statute of limitations for Section 1983 claims. The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, because the alleged precipitating events occurred well over one year before Plaintiff filed his complaint on August 19, 2024—all the way back to 2021—and because Plaintiff was aware of his claimed injuries at the time of those events, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983

claims. Plaintiff has waited too long to pursue the Section 1983 claims raised in his complaint. Accordingly, this case is subject to dismissal for that reason, too.

### III. CONCLUSION

Based on the foregoing, this pro se action filed by Plaintiff Gregory Ryan Webb is **DISMISSED** due to res judicata, failure to state claims upon which relief can be granted under Section 1983, and untimeliness.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE